# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICHAEL ROBINSON,**

    **Plaintiff,**  **CIVIL ACTION NO. 15-cv-14345**

    v.  **DISTRICT JUDGE TERRENCE G. BERG**

**DONNA BEAUVAIS,**  **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Robinson, a former prisoner at the Macomb Correctional Facility in New Haven, Michigan,[1] filed this *pro se* matter under 42 U.S.C. § 1983 against Defendant Donna Beauvais, an employee of the Michigan Department of Corrections ("MDOC"). (Docket no. 1.) Plaintiff alleges Defendant violated his First and Eighth Amendment rights by initiating and approving his transfer from a residential treatment program to a maximum security facility, in retaliation for Plaintiff filing a grievance against another MDOC employee, among other things. (*Id.*) Plaintiff seeks compensatory and punitive damages, court costs, and any other relief that the Court deems just and proper.

Before the Court is Plaintiff's Motion for Summary Judgment. (Docket no. 27.)[2] Defendant filed a Response to the Motion (docket no. 28), and Plaintiff filed a Reply (docket no. 30.) All pretrial matters have been referred to the undersigned for consideration. (Docket no.

---

[1] Plaintiff appears to be currently imprisoned in Mississippi. (Docket nos. 34, 35.)

[2] Also before the Court is Plaintiff's motion to compel discovery (docket no. 31), and Defendant's Motion to Extend Discovery Deadline (docket no. 34), which the undersigned will address in a concurrently-issued Opinion and Order.

12.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

## I. RECOMMENDATION

For the reasons that follow, it is recommended that the Court **DENY** Plaintiff's Motion for Summary Judgment [27].

## II. REPORT

### A. Factual Background

Plaintiff's claims relate to his transfer from a residential treatment program in the Macomb Correctional Facility, where Plaintiff was receiving treatment for his mental health issues. On June 23, 2015, Plaintiff alleges that he approached Defendant to inform her that he was having suicidal thoughts, and to request a change in his psychotropic medications, which he believed were no longer working. (Docket no. 1 at 2.) Plaintiff also filed a formal Health Care Request. (*Id.* at 17.) Defendant allegedly responded by telling Plaintiff to "stop taking your medications, if they are not working." (*Id.* at 2.) At the same time, Defendant also allegedly told Plaintiff that she was going to have him transferred to a Level 5 facility (maximum security), because he filed a grievance against another MDOC employee and because she believed Defendant played a role in an assault on a third MDOC employee. (*Id.*)

The following day, on June 24, 2015, Plaintiff filed a Step I grievance against Defendant. (*Id.* at 8-9.) The grievance recites the statements and threats allegedly made by Defendant, and includes a statement from another prisoner who allegedly witnessed the encounter between Plaintiff and Defendant. (*Id.* at 9.) Two days later, on June 26, 2015, Defendant allegedly initiated Plaintiff's transfer out of the residential treatment program and into the maximum

security facility. The state of Plaintiff's mental health continued to decline, and while in the process of being transferred, Plaintiff attempted suicide. (*Id.* at 3.)

MDOC issued a response denying Plaintiff's Step I (first level) grievance on August 20, 2015. The summary of the response states, "[g]rievant does not state what resolution he is seeking and he has since transferred to a different facility. Medication prescription is at the discretion of the treating Psychiatrist." (*Id.* at 15.) Plaintiff claims that he requested the proper form to file an appeal (Step II) of the denial of his Step 1 grievance, but that he never received the Step II form. (*Id.* at 4.)

Plaintiff filed the instant complaint on December 11, 2015, alleging that Defendant violated his First and Eighth Amendment rights. (*Id.* at 5.) Defendant then filed a Motion for Summary Judgment, claiming that the case should be dismissed because Plaintiff did not exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). (Docket no. 18.) In a Report and Recommendation issued on September 28, 2016, the undersigned recommended denying Defendant's motion on the grounds that there was a question of fact regarding whether Plaintiff was prevented from exhausting his administrative remedies. (Docket no. 23.) The Court adopted the Report and Recommendation on December 21, 2016. (Docket no. 24.)

On January 9, 2017, Plaintiff filed the instant Motion for Summary Judgment. (Docket no. 27.) He argues that he is entitled to summary judgment because Defendant's Motion for Summary Judgment was denied and Defendant has yet to file an answer denying the allegations in Plaintiff's complaint or setting forth any affirmative defenses. (*Id.* at 1.) Defendant argues that pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g), she is not required to file an answer unless ordered to do so by the Court. In his Reply, Plaintiff argues that "Federal

Rule of Civil Procedure 12 required the Defendant to file an answer within 14 days after receiving notice that the Court had denied her motion for summary judgment." (Docket no. 30 at 1.)

### B. Governing Law & Analysis

#### 1. *Summary Judgment Standard*

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

4

242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike Cty. Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

    2.    The PLRA

The Prison Litigation Reform Act provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. *Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint*. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g) (emphasis added). Under the plain meaning of this statute, Defendant has not admitted to the allegations in Plaintiff's Complaint by virtue of her decision not to file an answer responding to the allegations in Plaintiff's Complaint, even though Defendant's Motion for Summary Judgment was denied. *See id.*; *see also Smith v. Heyns*, No. 2:12-CV-11373, 2013 WL 1163172, at *16 (E.D. Mich. Jan. 10, 2013). Plaintiff has therefore failed to show the absence of a genuine issue of material fact or that he is entitled to judgment as a matter of law based on Defendant's failure to file an answer to Plaintiff's Complaint.[3]

**Conclusion**

For the reasons stated herein, it is recommended that the Court **DENY** Plaintiff's Motion for Summary Judgment [27].

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**

---

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 12, 2017       s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  April 12, 2017        <u>s/ Lisa C. Bartlett</u>
                                      Case Manager