UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL ROBINSON,**

      **Plaintiff,**           **CIVIL ACTION NO. 15-cv-14345**

      v.                        **DISTRICT JUDGE TERRENCE G. BERG**

**DONNA BEAUVAIS,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Robinson, a former prisoner at the Macomb Correctional Facility in New Haven, Michigan, filed this *pro se* matter under 42 U.S.C. § 1983 against Defendant Donna Beauvais, an employee of the Michigan Department of Corrections ("MDOC"). (Docket no. 1.) Plaintiff alleges that Defendant violated his First and Eighth Amendment rights by initiating and approving his transfer from a residential treatment program to a maximum security facility in retaliation for Plaintiff filing a grievance against another MDOC employee. (*Id.*)

Before the Court is Defendant's Motion for Dismissal and Costs Pursuant to FRCP 41(b). (Docket no. 39.) Defendant asserts that she was unable to seek concurrence from Plaintiff and/or to serve him with a copy of the motion because she is not aware of Plaintiff's current address. Accordingly, Plaintiff has not responded to Defendant's motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 12.) The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that the Court **DENY** Defendant's Motion for Dismissal and Costs [39].

**II.    REPORT**

### A. Factual Background

Plaintiff's claims relate to his transfer from a residential treatment program in the Macomb Correctional Facility, where Plaintiff was receiving treatment for his mental health issues. Defendant allegedly told Plaintiff that she was going to have him transferred to a Level 5 facility (maximum security), because he filed a grievance against another MDOC employee and because she believed Defendant played a role in an assault on a third MDOC employee. (Docket no. 1, p. 2.) On June 24, 2015, Plaintiff filed a Step I grievance against Defendant. (*Id.* at 8-9.) Two days later, on June 26, 2015, Defendant allegedly initiated Plaintiff's transfer out of the residential treatment program and into the maximum security facility. (*Id.* at 3.)

Plaintiff filed the instant complaint on December 11, 2015, alleging that Defendant violated his First and Eighth Amendment rights. (*Id.* at 5.)

Defendant filed the present motion to dismiss on the basis of Rule 41 of the Federal Rules of Civil Procedure, based on the allegation that Plaintiff failed to notify the Court and Defendant of his whereabouts after being released from the custody of the Missouri Department of Corrections. (Docket no. 39.)

### B. Governing Law & Analysis

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—

except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits. Fed. R. Civ. P. 41.

Defendant contends that Defense counsel was informed by Mississippi correction officials that Plaintiff was released from their custody in April, 2017, and that since April, 2017, Defense Counsel has received no information as to Plaintiff's current whereabouts. (Docket no. 39.) On this basis, Defendant requests that this Court dismiss this action in its entirety along with costs and attorney's fees to this Defendant. (*Id.*)

The record reflects that Plaintiff did in fact submit a Notice of Change of Address to the Court, which was received on April 6, 2017. (Docket no. 35.) Plaintiff indicates that his present address is 824 Jackson Avenue, Yazoo, MS 39149. (*Id.*) This is a new location since his transfer to the custody of the Missouri Department of Corrections. (*See* Docket no. 29.) For this reason, the Court should deny Defendant's motion to dismiss.

### C. Conclusion

For the reasons stated herein, it is recommended that the Court **DENY** Defendant's Motion for Dismissal and Costs [39].

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 16, 2018         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Michael Robinson and counsel of record on this date.

Dated: January 16, 2018         s/ Leanne Hosking
                                Case Manager