**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL ROBINSON,**

        **Plaintiff,**                                Case no. 15-cv-14345

        v.                                      District Judge Terrence G. Berg

**DONNA BEAUVAIS,**                       Magistrate Judge Mona K. Majzoub

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Robinson, a former prisoner at the Macomb Correctional Facility in New Haven, Michigan, filed this *pro se* matter under 42 U.S.C. § 1983 against Defendant Donna Beauvais, an employee of the Michigan Department of Corrections ("MDOC"). (Docket no. 1.) Plaintiff alleges that Defendant violated his First and Eighth Amendment rights by initiating and approving his transfer from a residential treatment program to a maximum security facility in retaliation for Plaintiff filing a grievance against another MDOC employee. (*Id.*) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 12.)

On April 20, 2018, Defendant filed a motion for summary judgment pursuant to Rule 41 and Rule 56 of the Federal Rules of Civil Procedure. (Docket no. 44.) Defendant asserts that Plaintiff has failed to participate in this matter for over a year. (*Id.* at 4–5.) Defendant also contends that Plaintiff filed this action under a false name. (*Id.* at 6–7.) Plaintiff has not responded to Defendant's motion.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant's motion for summary judgment (docket no. 44) be **GRANTED**, and that Plaintiff's complaint be dismissed in its entirety.

**II.    REPORT**

    **A. Background**

Plaintiff's claims relate to his transfer from a residential treatment program in the Macomb Correctional Facility, where Plaintiff was receiving treatment for his mental health issues. Defendant allegedly told Plaintiff that she was going to have him transferred to a Level 5 facility (maximum security), because he filed a grievance against another MDOC employee and because she believed Defendant played a role in an assault on a third MDOC employee. (Docket no. 1, p. 2.) On June 24, 2015, Plaintiff filed a Step I grievance against Defendant. (*Id.* at 8–9.) Two days later, on June 26, 2015, Defendant allegedly initiated Plaintiff's transfer out of the residential treatment program and into the maximum security facility. (*Id.* at 3.)

Plaintiff filed the instant complaint on December 11, 2015, alleging that Defendant violated his First and Eighth Amendment rights. (*Id.* at 5.)

Defendant filed the present motion for summary judgment pursuant to Rule 41 and Rule 56 of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to participate in this matter for over a year and that Plaintiff filed this action under a false name. (Docket no. 44, pp. 4–7.) Plaintiff has not responded to Defendants' motion for summary judgment.

    **B. Governing Law & Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ."

Fed. R. Civ. P. 41(b). The court should consider the following factors before dismissing an action under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). *See also* E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown.").

On November 6, 2018 the Court directed Plaintiff to "submit a written brief responding to Defendant's motion for summary judgment and showing cause why the Court should not grant Defendant's motion for summary judgment due to Plaintiff's failure to respond within twenty-one days as required by Rule 7.1(e)(1)(B)." (Docket no. 46.) In the same order, the Court admonished that "[f]ailure to comply with this Order will result in a recommendation that Defendant's motion for summary judgment be granted."

Plaintiff has failed to respond by the deadline set by that order. Accordingly, the undersigned recommends that the Court grant Defendant's motion for summary judgment (docket no. 44).

### C. Conclusion

For the reasons stated herein, it is recommended that Defendant's motion for summary judgment (docket no. 44) be **GRANTED**, and that Plaintiff's complaint be dismissed in its entirety.

3

**III.  NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 28, 2018          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

    I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: November 28, 2018        s/ Leanne Hosking
                                         Case Manager